# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIANDRA HOLMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BATH & BODY WORKS, LLC, et al.,<br><br>　　　　Defendants. | Case No.  1:20-cv-01603-NONE-SAB<br><br>ORDER REQUIRING WILLIAM M. HOGG TO FILE SUPPLEMENTAL BRIEFING IN SUPPORT OF HIS *PRO HAC VICE* APPLICATION<br><br>SEVEN DAY DEADLINE |

Currently before the court is an application for admission to practice *pro hac vice* under the provisions of Local Rule 180(b)(2) of the Local Rules of Practice of the United States District Court for this District filed by William M. Hogg.  On December 23, 2020, Mr. Hogg filed the application along with an opposition to Defendants' motion to compel arbitration. Based on review of the opposition and the declaration filed by Mr. Hogg it appears that Mr. Hogg is actively involved as Plaintiff's attorney in prosecuting the case.

The Local Rules of the Eastern District of California provide that an attorney is ineligible to appear and participate in a particular case *pro hac vice* if any of the following apply: "(i) the attorney resides in California, (ii) the attorney is regularly employed in California, or (iii) the attorney is regularly engaged in professional activities in California." L.R. 180(b)(2).  Mr. Hogg lists three other cases in which he has made application to be admitted to practice *pro hac vice* in this District in recent years: Franklin v. Community Medical Centers, Case No. 1:19-cv-00709-

1  LJO-SKO (E.D. Cal.) (application approved June 27, 2019); Franklin v. San Joaquin General
2  Hospital, Case No. 2:19-cv-00907-JAM-DB (E.D. Cal.) (application approved June 26, 2019);
3  and Sousa v. Walmart, Inc., Case No. 1:20-cv-0500-DAD-EPG (E.D. Cal.) (application
4  approved December 1, 2020).  The Court notes that review of the docket shows that Mr. Hogg
5  has filed documents and appeared at hearings for the plaintiff in Franklin v. San Joaquin General
6  Hospital, 2:19-cv-00907-JAM-DB.

7  Upon examination of Court records, in the past several years Mr. Hogg has also applied
8  for an application to be admitted to practice *pro hac vice* in California in Garcia v. Great Wolf
9  Resort Holdings, Inc., Case No. 8:20-cv-00695-JLS-KESA (S.D. Cal.) (application approved
10 April 14, 2020); Taylor v. Eclipse Senior Living, Case No. 3:20-cv-00190-LAB-WVG (S.D.
11 Cal.) (application approved July 15, 2020); Archuleta v. ContextLogic, Inc., Case No. 4:20-cv-
12 04331-SBA (N.D. Cal.) (application approved July 17, 2020); Britt v. ContextLogic, Inc., Case
13 No. 3:20-cv-04333-WHA (N.D. Cal.) (application approved July 17, 2020); Nguyen v. EOS IT
14 Management Solutions, Inc., Case No. 5:17-cv-03604-EJD (N.D. Cal.) (application approved
15 May 2, 2018); Palega v. The Property Sciences Group, Inc., Case No. 3:17-cv-00855-WHA
16 (N.D. Cal.) (application approved February 24, 2017); and Swamy v. Title Source Inc., Case No.
17 3:17-cv-01175-WHA (N.D. Cal) (application approved May 18, 2017).

18 The Court notes that the record demonstrates that Mr. Hogg was actively engaged in
19 litigating the current action as well as Franklin 2:19-cv-00907-JAM-DB (filing documents and
20 appearing at motion hearing), Archuleta, 4:20-cv-04331-SAB (filing signed documents in the
21 record); Britt, 2:30-cv-04333-WHA (filing signed documents and appearing at case management
22 conference and hearing on motion to compel arbitration for plaintiff); and Palega, 3:17-cv-
23 00855-WHA (filing signed documents in the record and signing settlement agreement).

24 The Supreme Court has described a *pro hac vice* attorney as one time or occasional
25 practitioners.  Frazier v. Heebe, 482 U.S. 641, 647 (1987).  The right to appear *pro hac vice* is
26 not absolute and a court may deny the application by setting forth reasons for the denial.  United
27 States v. Ries, 100 F.3d 1469, 1471-72 (9th Cir. 1996).  In addressing whether an attorney has
28 been regularly practicing in California, the Ninth Circuit considered whether the attorney

physically appeared before the district court, signed pleadings, and had contact with the plaintiffs, whether an attorney licensed in California remained the sole attorney responsible to the plaintiff, and whether the attorney rendered legal advice to the client. <u>Winterrowd v. Am. Gen. Annuity Ins. Co.</u>, 556 F.3d 815, 825 (9th Cir. 2009).

Upon review of the records of the court, it appears that Mr. Hogg may be regularly engaged in professional activities in California. Accordingly, IT IS HEREBY ORDERED that, within **seven (7) days** of the date of entry of this order, Mr. Hogg shall file supplemental briefing addressing his representation of the plaintiffs in each of the above referenced action.

IT IS SO ORDERED.

Dated:   **December 29, 2020**

UNITED STATES MAGISTRATE JUDGE