1
2
3
4
5
6
7

8                              **UNITED STATES DISTRICT COURT**

9                              **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  KIANDRA HOLMAN, individually and on behalf of all others similarly situated, | )   Case No.: 1:20-cv-1603 JLT SAB )  |
| 12                        Plaintiff, | )   ORDER ADOPTING IN FULL THE FINDINGS )   AND RECOMMENDATIONS GRANTING |
| 13            v. | )   DEFENDANTS' MOTION TO COMPEL )   INDIVIDUAL ARBITRATION, STRIKING CLASS |
| 14  BATH & BODY WORKS, LLC, et al., | )   ALLEGATIONS, AND DISMISSING THE )   ACTION WITHOUT PREJUDICE |
| 15                        Defendants. | ) )   (Docs. 9, 34) |
| 16 | ) ) |

17

18       Kiandra Holman worked as a sales associate at a Bath & Body Works store located in Palmdale,

19 California.  Plaintiff seeks to hold the defendants—Bath & Body Works, LLC; Bath & Body Works

20 Direct, Inc.; and L. Brands, Inc.—liable for violations of California's wage and hour laws.  Plaintiff

21 stated these claims on behalf of herself and similarly situated employees of Bath & Body Works stores

22 in the state of California.  (*See* Doc. 1-2 at 27.)

23       Defendants asserted Plaintiff entered into an arbitration agreement with Bath & Body Works,

24 and moved to compel individual arbitration. (Doc. 9.)  Defendants also requested the Court strike the

25 class allegations and dismiss the action.  (*Id.*)  On October 15, 2021, the motion was referred to the

26 assigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  (Doc. 27.)  The

27 magistrate judge issued Findings and Recommendations on December 8, 2021, recommending Plaintiff

28 be compelled to arbitration under the Federal Arbitration Act.  (Doc. 34.)

1     The Federal Arbitration Act applies to arbitration agreements in any contract affecting interstate commerce. 9 U.S.C. § 2; *see also Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001). The Court's role in applying the FAA is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Systems*, 207 F.3d 1126, 1130 (9th Cir. 2000), citing 9 U.S.C. § 4.

There is no dispute the defendants operate nationwide, such that their business affects interstate commerce. The magistrate judge concluded Plaintiff and Defendants entered into a valid arbitration agreement for individual arbitration, and Plaintiff waived her right to bring a class action. (*See* Doc. 34 at 5-23.) In addition, the magistrate judge found it was undisputed that the agreement encompassed Plaintiff's individual claims. (*Id.* at 12, 46.) Although the agreement contained an unenforceable provision waiving representative claims—such as those under the Private Attorneys General Act (PAGA)— the magistrate judge noted Plaintiff did not bring a PAGA claim in this action and found the provision could be severed from the arbitration agreement. (*Id.* at 36-40.) Because the arbitration agreement was not both procedurally and substantively unconscionable, the magistrate judge recommended it be enforced and Plaintiff be compelled to individual arbitration. (*Id.* at 43-44.)

Defendants moved to have the class allegations stricken from the complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (Doc. 9 at 13.) The magistrate judge found the agreement made "individual arbitration the exclusive manner" of resolving employment disputes such as those raised by Plaintiff. (Doc. 34 at 46.) Therefore, the magistrate judge recommended Plaintiff's class allegations be stricken. (*Id.*, citing, *e.g., Hartranft v. Encore Cap. Grp., Inc.*, 543 F.Supp.3d 893, 926 (S.D. Cal. 2021); *Salberg v. Massage Green Int'l Franchise Corp.*, 2016 WL 3667154, at *3 (S.D. Cal. July 11, 2016).)

Finally, Defendants requested the action be dismissed because the only claims Plaintiff could maintain were subject to arbitration. (Doc. 9 at 13.) The magistrate judge observed that when all claims raised in the action are subject to arbitration, the action may be dismissed or stayed. (Doc. 34 at 47, citing, *e.g., Whitworth v. SolarCity Corp.*, 336 F. Supp. 3d 1119, 1130 (N.D. Cal. 2018); *Morgan v. Xerox Corp.*, 2013 WL 2151656, at *6 (E.D. Cal. May 16, 2013) [dismissing the action when the sole claim was subject to arbitration].) Because each of Plaintiff's claims "are required to be

2

submitted to individual arbitration pursuant to the Agreement," the magistrate judge recommended the request for dismissal be granted. (*Id*. at 47-48.)

The parties were granted fourteen days from the date of service to file any objections to the findings and recommendations of the Magistrate Judge.  (Doc. 34 at 51.)  Thus, any objections were due no later than December 22, 2021.  The parties were also "advised that failure to file objections within the specified time may result in the waiver of rights on appeal."  (*Id*. at 52, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991). The period for filing objections has passed, and no objections were filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), and *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), this Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations are supported by the record and proper analysis.  Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations dated December 8, 2021 (Doc. 34) are adopted in full.
2. The representative action waiver provision is severed from the arbitration agreement.
3. Defendants' motion to compel individual arbitration (Doc. 9) is **GRANTED**.
4. Defendants' motion to strike Plaintiff's class allegations is **GRANTED**.
5. Defendants' motion to dismiss the action is **GRANTED**.
6. This case is **DISMISSED** without prejudice.
7. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **February 14, 2022**

_____
UNITED STATES DISTRICT JUDGE